of last resort. Abbey v. Wheeler, 170 N. Y. 122, 62 N. E. 1074; Thompson v. Taylor, 13 Hun, 201. The principle is stated by Mr. Nichols in the latest work on New York Practice, in which he says (section 2528):

"An appeal cannot be taken from a judgment or order by piecemeal, i. e., separate appeals cannot be taken from different parts of a judgment or order. A fortiori, there is no authority for two concurrent appeals from the same judgment by the same party on the same question."

The rights of the respondent here, Frederick Cook MacDonell, were presumably passed upon and determined by the Court of Appeals upon the former appeal to which he was a party, and we think it entirely inconsistent with the rules of practice or the proper administration of justice that after having prosecuted such appeal to final determination in the Court of Appeals he should be now heard to raise any of the questions which were there determined, or which might have been determined, upon such appeal. We also conclude that the surrogate had no power or authority to change or alter the decision formerly made by him, except as was authorized by the decision of the Court of Appeals. We are of the opinion that any right or interest of a party, which is involved in an appeal to the Court of Appeals, should be regarded as conclusively fixed and established by the decision of such court, and that it is not competent for an inferior tribunal to review such determination by a subsequent appeal taken in such action or otherwise.

We conclude that the decision of the surrogate should be reversed, with costs to the appellant, and that the motion to dismiss the appeal subsequently taken by Frederick Cook MacDonell should be granted, with costs as against him.

Decree of Surrogate's Court reversed, with costs, and motion to dismiss appeal, taken on the 5th of June, 1906, granted, with $10 costs, and matter remitted to the Surrogate's Court for its further action thereon. All concur, except WILLIAMS, J., who dissents.

---

EATON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. NEGLIGENCE—RES IPSA LOQUITUR.
    Under the rule of res ipsa loquitur negligence may be inferred, not from the accident alone, but from the accident and the attending circumstances, and whether the accident and circumstances authorize an inference of negligence is for the court in each particular case.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 218, 225.]

2. RAILROADS—INJURY TO PERSON NEAR TRACK.
    Plaintiff while at a railroad depot on business was injured. He testified that he stood on the platform six or eight feet from a passing freight train, and that something extending from a car struck him. The railway company claimed that plaintiff was attempting to cross the track in front of the train and was struck by a part of the engine, and did not offer any explanation as to how any swinging object could have struck plaintiff. Held, that a charge that if plaintiff was injured as he stood on the platform by something projecting from the train the jury might

determine whether in view of the circumstances the company was guilty of negligence which caused the injury was proper, the rule of res ipsa loquitur being applicable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 1341.]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by John C. Eaton against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Hiscock, Doheny, Williams & Cowie, for appellants.
Frank C. Sargent, for respondent.

WILLIAMS, J. The judgment and order should be affirmed with costs.

The action was to recover damages for personal injuries on the ground of negligence. The plaintiff was at the Warners Station on the defendant's road, and was about to cross over the tracks from the passenger to the freight depot to attend to the shipment of some freight. A freight train passed by on the track nearest the platform; the plaintiff was in some way struck and injured. He claimed he was standing on the platform, and was struck by something extending out from a car of the train. The defendant claimed he had left the platform, and was attempting to cross the tracks in front of the train, and was struck by some part of the engine. If the defendant's theory of the accident was the true one, there could be no recovery, because there could be no negligence of the defendant or freedom from contributory negligence by plaintiff established. The court so charged the jury. If the plaintiff's theory was correct, then another question is presented—whether the rule of res ipsa loquitur was applicable to the case. The court charged the jury that it was so applicable, and, if that charge was erroneous, a reversal of the judgment and order would necessarily result. The defendant claims the finding of the jury that the accident occurred as plaintiff testified to it, which was necessarily involved in the verdict, was contrary to the evidence. After reading such evidence and the judge's charge on this subject, which very fully and fairly presented the question to the jury, I think this court should not disturb the verdict for this reason. As to the question of res ipsa loquitur, there is no evidence to show what it was that extended from a car of the train and struck the plaintiff. It could not have been anything rigid, because it would then have struck the mail crane and other structures nearer the train than the plaintiff standing on the platform. The theory of the plaintiff therefore is that it was something hanging loose and swinging out from the train as it ran along 30 miles an hour. What it was, and whether it was something that the defendant was negligent with reference to, did not expressly appear. It might have been something for which the defendant was responsible if the real facts were known, and it may not have been. Ordinarily, the plaintiff having the burden of establishing negligence would be said in such a case to have failed as to

this burden.  The court  charged that the rule of res ipsa loquitur applied to this case, and specifically said:

"If you find that the plaintiff was injured as he stood on this platform, as he says he was, by something projecting from this train, you may determine whether, in view of all the circumstances, the defendant was guilty of negligence which caused harm to the plaintiff."

The defendant by proper exceptions raised the question as to whether the charge was in this respect correct, whether this rule referred to could be applied in this case.

The two late cases in the Court of Appeals, discussed by counsel, are Griffin v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, and Duhme v. Hamburg A. P. Co., 184 N. Y. 404, 77 N. E. 386, 112 Am. St. Rep. 615.  The case of Griffin v. Manice was an action for a death caused by the fall of an elevator in one of the tall buildings in New York City.  The evidence showed that the elevator descended with unusual rapidity, and, instead of stopping at the lower floor, continued until it struck the bumpers, at the bottom of the shaft, with such force as to rebound 18 inches.  Almost immediately the counterbalance weights, which move in a reverse direction from that of the car, consisting of pieces of iron, each from 40 to 60 pounds in weight, fell down the shaft, broke through the top of the car, and plaintiff was killed thereby.  The trial court charged the jury among other things that they might infer negligence of the defendant which caused the death from the accident alone—that is, from the evidence given with reference to it.  This was held by the Court of Appeals to be correct. The court quotes with approval from section 59 in Shearman & Redfield on Negligence, as to res ipsa loquitur, as follows:

"It is not that, in any case, negligence can be assumed from the mere fact of an accident and an injury; but in these cases, the surrounding circumstances which are necessarily brought into view, by showing how the accident occurred, contain, without further proof, sufficient evidence of the defendant's duty, and of his neglect to perform it.  The fact of the casualty and the attendant circumstances may themselves furnish all the proof of negligence that the injured person is able to offer, or that it is necessary to offer."

The court proceeds:

"The res * * * includes the attending circumstances, and, so defined, the application of the rule presents principally the question of the sufficiency of the circumstantial evidence to establish or to justify the jury in inferring the existence of the traversable or principal fact in issue—the defendant's negligence."

The court also quotes with approval from Benedict v. Potts, 88 Md. 58, 42 Atl. 1067, 41 L. R. A. 478, as follows:

"In no instance can the bare fact that an injury has happened, of itself, and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence.  It is true that direct proof of negligence is not necessary.  Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred. * * * This phrase (res ipsa loquitur), which, literally translated, means that the thing speaks for itself, is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury in inferring negligence as the cause of that accident."

The court further recognizes the consideration that, when the management and control of the thing which has produced the injury is ex-

clusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present, and refers to Breen v. N. Y. C. & H. R. R. Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450, where the plaintiff, sitting by the window of one of defendant's cars, was struck and injured by a swinging door on a passing freight car, and quotes from the opinion in that case, viz.:

"There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part."

And then applying these principles to the case in hand, the court says:

"The defendant, therefore, owed the plaintiff the duty of using at least reasonable care in seeing that the premises were safe. The death of the plaintiff's intestate was caused by the fall of the counterbalance weights. These were held in a frame, to which was attached a rope or cable passing around a drum. The weights fell down from the frame, and the rope was thrown off the drum. That no such accident could ordinarily have occurred had the elevator machinery been in proper condition and properly operated seems to me very plain. The court was therefore justified in permitting the jury to infer negligence from the accident, construing, as I do, the term 'accident' to include not only the injury, but the attendant circumstances."

I have very carefully analyzed this case of Griffin v. Manice in order to determine just what rule the court laid down, and was controlled by them, because in the subsequent case, Duhme v. Packet Co., there was no attempt to change these rules. They were approved and applied to the facts of the latter case. The plaintiff, a boy nine years of age, with his mother was upon defendant's pier, expecting a relative to arrive on a steamship. They were standing at an opening of the pier shed or building, which was guarded by a rope drawn across. While the steamship on arriving was being warped alongside the pier, a wire rope or hawser, which ran from the steamship to a mooring post on the pier, parted, and, in the recoil, the plaintiff was struck violently in the face. The wire rope itself did not break, but the shackle, as it is termed, which fastened an end of the rope brought around upon it so as to form a loop, gave way. The allegation of negligence was in the improper management of the pier and of the steamship, and not any defect in the rope or hawser. The plaintiff merely proved the accident and the occurrences at the time. The defendant showed the absence of defects in the rope and hawser, but furnished no explanation of the parting of the same. There was a nonsuit at the trial. The Appellate Division reversed on the doctrine of res ipsa loquitur, holding that in the absence of explanation by the defendant the jury might infer negligence from the circumstances appearing in the evidence. The Court of Appeals reversed again, holding that there were no facts or circumstances proven, permitting the inference of negligence, that the parting of the hawser did not speak for itself as imputing negligence to the defendant, that the breaking of the shackle was not shown to be due to any defect in its manufacture, or to the omission of any care in handling, and the circumstances disclosed simply permitted the natural inference that it

yielded to the great strain put upon the hawser in bringing the steamship to its place at the pier. So that these two cases agree as to the law that under the rule of res ipsa loquitur negligence may be inferred, not from the accident alone, but from the accident and the attending circumstances, and leave the question as to whether such accident and circumstances are sufficient to authorize such inference for the determination of the court in each particular case.

The court in the trial of the present case correctly interpreted these rules, and left it to the jury to say whether in their judgment, in view of all the evidence and circumstances, the defendant was negligent. This, of course, involved the decision by the court that there was sufficient evidence, if credited by the jury, to authorize the inference, and that is practically the only question here involved. The jury certainly might infer that there was something hanging swinging out from its train sufficiently long to reach the plaintiff where he stood, six or eight feet from the side of the train, and that this was a dangerous thing, and would not be found in a train run in the ordinary course of business. The train was running under the care and management of the defendant, and the defendant had a better opportunity to know or ascertain what this swinging object was, and how it came to be so, than the plaintiff. If it was there, and the jury have found it was, the defendant could, after the accident, at least, have found out about it, and have given some explanation thereof consistent with the absence of negligence on its part, if any such explanation was possible. It gave none whatever, but contented itself with denying the claim that there was any such swinging object on the train.

I incline to the view that the question of defendant's negligence was properly submitted to the jury, under proper instructions as to the law, and that their verdict should not be interfered with by this court. All concur, except McLENNAN, P. J., and KRUSE, J., who dissent.